UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BERTONCINI,
an individual,

     Plaintiff,

v.                                                                    Case No.:

TD BANK, NA, EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign for-profit
corporation, and EQUIFAX INFORMATION
SERVICES, LLC, a foreign limited liability
company, and TRANS UNION, LLC, a foreign
limited liability company,

     Defendants.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, DAVID BERTONCINI (hereinafter, "Plaintiff"),

by and through the undersigned counsel, and hereby files this Complaint against

Defendants, TD BANK, N.A. (hereinafter "TD Bank"), EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), EQUIFAX

INFORMATION SERVICES, LLC (hereinafter, "Equifax"), and TRANS UNION,

LLC (hereinafter, 'TransUnion") (hereinafter collectively, "Defendants"). In

support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for TD Bank's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 et seq. (hereinafter, the "FCRA") wherein TD Bank improperly credit-reported and subsequently verified erroneous, inaccurate, and incomplete information on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by TransUnion, Experian, and Equifax despite Plaintiff repeatedly advising TD Bank, TransUnion, Experian, and Equifax that he disputed their reporting of such information and that TD Bank could not possibly reflect a balance of $12,735 past due and allegedly owed by Plaintiff because Plaintiff made payment to TD Bank for less than the full balance owed and in full settlement of the debt.

2.     Additionally, despite Plaintiff disputing the above-referenced false and incomplete information furnished by TD Bank directly to TransUnion, Experian, and Equifax (collectively the "CRAs"),   the CRAs continued to incorrectly report the tradeline account associated with such consumer debt as $12,735.00 for the full balance allegedly owed and failed to timely mark or otherwise indicate the account as disputed by Plaintiff.

3.     Furthermore, this is an action for damages based on Experian's, Equifax's, and TransUnion's violations of the FCRA wherein Experian, Equifax,

and TransUnion continued to report a tradeline furnished by TD Bank with a balance due and past-due after Plaintiff paid such debt in full via a settlement agreement.

4. Also, despite Plaintiff satisfying the terms of the above-referenced agreement and repeatedly disputing the corresponding credit reporting of the TD Bank account, Experian, Equifax, and TransUnion each failed to report Plaintiff's timely settlement payments, failed to report that Plaintiff paid under a partial payment agreement, and failed to report that such debt was settled for less than the full balance owed.

## JURISDICTION, VENUE & PARTIES

5. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code, Section 1692 *et seq*.

6. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District and the events, acts, and transactions described herein occur in this District.

7. At all material times herein, Plaintiff is a natural person residing in Pasco County, Florida.

8. At all material times herein, TD Bank is a national association existing under the laws of Maine, with its principal place of business located at Two Portland Square, Portland, Maine 04112.

9.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.     At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

11.     At all material times herein, TransUnion is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

12.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. See 15 United States Code, Section 1681b.

13.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Id. at § e(b) (emphasis added).

14.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. Id. at § i(a).

15.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. Id. at § i(a)(4).

16.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. Id. at § i(a)(5).

17.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. Id. at § s-2(b).

18.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. Id. at § n.

19.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. Id. at § o.

## GENERAL ALLEGATIONS

20.     At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

21.     At all material times herein, TD Bank, itself and through its subsidiaries, regularly extends credit cards to consumers residing in Pinellas County, Florida and furnishes information to TransUnion, Experian, and Equifax associated with the same.

22.     At all material times herein, TD Bank is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

23.     At all material times herein, TD Bank reports information to TransUnion, Experian, and Equifax concerning a consumer debt, including but not limited to, an alleged balance due from Plaintiff on a consumer credit card account, referenced by account number ending -5315 (hereinafter, the "TD Bank Debt").

24.     At all material times herein, the TD Bank Debt qualifies as consumer debt, alleged obligations resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

25.     At all material times herein, TD Bank inaccurately reported the tradeline account associated with the TD Bank Debt with inaccurate information

on Plaintiff's TransUnion, Experian, and Equifax credit reports and in Plaintiff's TransUnion, Experian, and Equifax credit files.

26.     At all material times herein, Experian, Equifax, and TransUnion are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian, Equifax, and TransUnion each disburse such consumer reports to third parties under contract for monetary compensation.

27.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

28.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

**FACTUAL ALLEGATIONS**

**TD BANK DEBT – REPORTED BY TRANSUNION, EXPERIAN, AND EQUIFAX**

29.     In or around June 2015, Plaintiff opened a credit card account with TD Bank.

30.    Prior to April 03, 2017, Plaintiff incurred charges creating the TD Bank Debt and the TD Bank Debt entered a delinquent status.

31.    On or about October 17, 2017, TD Bank filed a lawsuit against Plaintiff seeking to collect the balance owed on the TD Bank Debt, which was filed in the County Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, County Court Division, identified by case number 2017-CO-008216 (hereinafter, "TD Bank's Collection Lawsuit").

32.    TD Bank's Collection Lawsuit asserted that Plaintiff owed $13,735.67 on the TD Bank Debt.

33.    On or about December 14, 2018, TD Bank and Plaintiff agreed to a settlement to settle the debt with a one-time payment of $1,000.00 and the parties entered into a Stipulation. A true and correct copy of the Stipulation is attached hereto Exhibit "A."

34.    On or about December 18, 2018, the Plaintiff paid the agreed settlement amount in full per the stipulation.

35.    On or about January 1, 2019, a Notice of Voluntary Dismissal with Prejudice was filed by TD Bank, dismissing the lawsuit.

36.    As of October 2020, Plaintiff obtained a copy of his credit report wherein the TD Bank Debt with a balance owed in the amount of $12,735.00.

37.     On or about November 12, 2020, Plaintiff, via her legal counsel, sent a letter to TD Bank, Equifax, Experian, and TransUnion disputing the amount of the TD Bank Debt, advising that the TD Bank Debt should be reported as settled for less than full balance owed, advising that there should be no derogatory or late payments information after the settlement, and requesting that Defendants mark the tradeline account associated with the TD Bank Debt as disputed by Plaintiff (hereinafter, "TD Bank Dispute"). Please see attached a true and correct copy of said First Dispute labeled as Exhibit "B."

38.     Experian received Plaintiff's TD Bank Dispute.

39.     Experian communicated Plaintiff's TD Bank Dispute to TD Bank.

40.     Equifax received Plaintiff's TD Bank Dispute.

41.     Equifax communicated Plaintiff's TD Bank Dispute to TD Bank.

42.     TransUnion received Plaintiff's TD Bank Dispute.

43.     TransUnion communicated Plaintiff's TD Bank Dispute to TD Bank.

44.     On December 2, 2020, Experian and TD Bank "verified" their reporting of the TD Bank Debt with a balance owed in the amount of $12,735.00 and as charged-off in the amount of $13,835. A true and correct copy of Experian's response is attached hereto as Exhibit "C."

45.     However, despite Plaintiff's TD Bank Dispute, Experian and/or TD Bank failed to mark the tradeline account associated with the TD Bank Debt as "disputed" by Plaintiff.  *See* Ex. D.

46.     The TD Bank Debt could not be written off in the amount of $13,835.00 and the account could not carry a balance of $12,735.00 because TD Bank accepted $1,000.00 from Plaintiff as payment to settle the TD Bank Debt.

47.     Plaintiff did not receive any communication from Equifax or TransUnion in response to his First TD Bank Dispute.

48.     Despite having advised Experian, Equifax, TransUnion, and TD Bank that the TD Bank Debt could not have been written off in the amount of $13,735.29, Experian, Equifax, TransUnion, and TD Bank continue to report the TD Bank Debt as written off in the amount of $13,835 with a balance still owed of $12,375.

49.     Due to Experian's, Equifax's, and TransUnion's false, inaccurate, and incomplete reporting of the Debt, Plaintiff was denied credit by various creditors, including, but not limited to, his USAA credit card being closed.

50.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from applying for financing he believed he would not be able to obtain favorable credit terms as a result of the derogatory and erroneous reporting of the Debt and did not wish to further damage his credit score with futile credit

inquires, and he was continually evaluated for credit using consumer reports that inaccurately reported the Debt or that failed to show the Debt as disputed by Plaintiff.

51.   Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite repeatedly advising Defendants that he disputed their reporting of the Debt, Plaintiff must simply endure Defendants' erroneous, inaccurate, and incomplete reporting of the Debts.

52.   Plaintiff retained Kopp Law, P.A.  for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

53.   The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)
### (TD Bank Only)

Plaintiff re-alleges paragraphs one (1) through fifty-three (53) as if fully restated herein and further states as follows:

54.     TD Bank is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Debt on Plaintiff's credit reports after re-investigating Plaintiff's dispute.

55.     As described above, despite TD Bank receiving notice of Plaintiff's dispute regarding the TD Bank Debt via Experian, Equifax, and TransUnion—as well as directly from Plaintiff—TD Bank willfully and/or negligently reported erroneous and inaccurate credit information regarding the Debt to Transunion, Experian, and Equifax.

56.     Importantly, TD Bank agreed to accept $1,000.00 from Plaintiff in full satisfaction of the TD Bank Debt in November 2018, and therefore, TD Bank clearly knew that TD Bank could not have possibly had a balance due of $12,735.00 and a "written off" portion of the TD Bank Debt in the amount of $13,835.00. At most, TD Bank could have written off $12,735.00.

57.     After receiving notice of Plaintiff's dispute, TD Bank inaccurately reported and verified the TD Bank Debt to Experian, Equifax and TransUnion as having a balance due of $12,735.00 and a "written off" portion of the TD Bank Debt in the amount of $13,835.00, which ultimately reflected negatively and

adversely on Plaintiff's credit reports and credit files as maintained by Experian, Equifax and TransUnion.

58.   TD Bank's refusal to update the account associated with the TD Bank Debt to reflect the accurate amount written off was intentionally, willfully, and knowingly done.

59.   Moreover, in response to Plaintiff's TD Bank Dispute to Equifax, Experian and TransUnion, TD Bank failed to mark or otherwise indicate that Plaintiff disputed Defendants' reporting of the TD Bank Debt.

60.   As such, TD Bank provided inaccurate or incomplete information to Experian, Equifax, and TransUnion in response to Plaintiff's TD Bank Dispute.

61.   TD Bank's re-investigations were not conducted in good faith.

62.   TD Bank's re-investigations were not conducted reasonably.

63.   TD Bank's re-investigations were not conducted using all information reasonably available to TD Bank.

64.   As a result of TD Bank's conduct, actions, and inactions, Plaintiff was deterred from applying for financing as he believed he would not be able to obtain favorable credit terms as a result of the derogatory and erroneous reporting of the TD Bank Debt and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that

inaccurately reported the TD Bank Debt or that failed to show the TD Bank Debt as disputed by Plaintiff.

65.    Additionally, as a result of TD Bank's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite repeatedly advising TD Bank's that she disputed Defendants' reporting of the TD Bank Debt, Plaintiff must simply endure TD Bank's erroneous, inaccurate, and incomplete reporting of the TD Bank Debt.

66.    TD Bank's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

67.    TD Bank's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (Experian, Equifax, and TransUnion Only)

Plaintiff re-alleges paragraphs one (1) through fifty-three (53)  as if fully restated herein and further states as follows:

68.     Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

69.     Experian, Equifax, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the TD Bank Debt.

70.     Specifically, despite Plaintiff settling the TD Bank Debt with TD Bank via the Stipulated Settlement, despite Plaintiff complying with the same and making payment to TD Bank in December 2018, and despite Plaintiff's repeated disputes explaining the same, Experian, Equifax, and TransUnion each continued to report the TD Bank Debt with inaccurate information.

71.     For example, following Plaintiff's disputes, Experian, Equifax, and TransUnion each continued to report the TD Bank Debt as charged off in the amount of $13,835, past-due in the amount of  $12,735.00, each failed to report Plaintiff's timely Stipulated Settlement payment, and each failed to report that Plaintiff paid under an agreement or that the account was settled for less than full balance owed.

72. TD Bank could not have possibly had a balance of $12,735.00 past due on the TD Bank Debt because Plaintiff settled and paid the TD Bank Debt as described above.

73. Such reporting of the TD Bank Debt is false, inaccurate, and/or incomplete and evidences Experian's, Equifax's, and TransUnion's respective failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

74. Additionally, TransUnion, Experian and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the TD Bank Debt.

75. Specifically, Plaintiff advised TransUnion, Equifax, and Experian that TD Bank agreed to accept $1,000.00 from Plaintiff in full satisfaction of the TD Bank Debt in December 2018, and therefore, TD Bank could not have possibly "written off" the TD Bank Debt in the amount of $13,835.00 or carried a balance past due of $12,735.00. At most, TD Bank could have written off $12,735.00.

76. After receiving notice of Plaintiff's repeated disputes, Experian inaccurately reported and allegedly verified the TD Bank Debt with TD Bank as written off in the amount of $13,835.00 and inaccurately reported a balance due in the amount of $12,735.00 as of November 2020 in the monthly payment history,

which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Experian.

77.    Also, despite Plaintiff's dispute of the inaccuracies in his Experian credit reports regarding the TD Bank Debt, Experian's letter in response to Plaintiff's TD Bank Dispute failed to mark or otherwise indicated that Plaintiff disputed Experian's and TD Bank's reporting of the Debt.

78.    TransUnion and Equifax never responded to or investigated Plaintiff's TD Bank Dispute.

79.    Such reporting of the TD Bank Debt is false, inaccurate, and/or incomplete and evidences Experian's, TransUnion's and Equifax's respective failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

80.    Also, despite Plaintiff's dispute of the inaccuracies in his Experian credit reports regarding the TD Bank Debt, Experian's letter in response to Plaintiff's Dispute failed to mark or otherwise indicated that Plaintiff disputed Transunion's and TD Bank's reporting of the Debt.

81.    Such reporting of the TD Bank Debt is false, inaccurate, and/or incomplete and evidences Experian's respective failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

82.     As a result of Experian's, Equifax's, and TransUnion's false, inaccurate, and incomplete reporting, Plaintiff was denied credit by various creditors, including, but not limited to, his USAA credit card being closed.

83.     Also, as a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff was deterred from applying for financing as he believed he would not be able to obtain favorable credit terms as a result of the derogatory and erroneous reporting of the Debt and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that inaccurately reported the TD Bank Debt or that failed to show the TD Bank Debt as disputed by Plaintiff.

84.     Additionally, as a result of Experian's, Equifax's, and TransUnion's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite repeatedly advising Experian, Equifax, and TransUnion of their erroneous reporting of the two tradeline accounts, Plaintiff must simply endure Defendants' erroneous, inaccurate, and incomplete reporting of the TD Bank Debt.

85.     Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

86.     Experian's, Equifax's, and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1), i(a)(4), and i(a)(5)
### (Experian, Equifax, and TransUnion Only)

Plaintiff re-alleges paragraphs one (1) through fifty-three (53) as if fully restated herein and further states as follows:

87.     Experian, Equifax and TransUnion are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable re- investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

88.   Specifically, Experian, Equifax, and TransUnion willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

89.   For example, following Plaintiff's disputes, Experian, Equifax, and TransUnion each continued to report the TD Bank Debt as charged off in the amount of $13,835, past-due in the amount of  $12,735.00, each failed to report Plaintiff's timely Stipulated Settlement payment, and each failed to report that Plaintiff paid under an agreement or that the account was settled for less than full balance owed.

90.   Furthermore, following Plaintiff's TD Bank Dispute, Experian continued to report the TD Bank Debt account with a balance due in excess of $3,000.00 in the monthly payment history section and reported the TD Bank Debt as "$13,835.00 written off and $12,735.00 past due."

91.   TD Bank could not have possibly written off $13,835 on the TD Bank Debt because Plaintiff settled and paid the TD Bank Debt as described above.

92.   Experian, Equifax, and TransUnion did not request any supporting documents from TD Bank corroborating information furnished and verified by TD Bank regarding Plaintiff and the TD Bank Debt in response to Plaintiff's disputes.

93.     Experian's, Equifax's, and TransUnion's reinvestigations of the TD Bank Debt merely copied and relied upon the inaccurate information conveyed by TD Bank.

94.     Following Plaintiff's First TD Bank Dispute, Experian, Equifax, and TransUnion failed to mark or otherwise indicate that Plaintiff disputed Equifax's and TD Bank's reporting of the TD Bank Debt.

95.     Moreover, as of the date of this Complaint, Plaintiff has not received any correspondence from Equifax or TransUnion in response to his TD Bank Dispute, indicating that Equifax and TransUnion did not conduct a reasonable re-investigation in response to Plaintiff's TD Bank Dispute.

96.     Additionally, rather than conduct its own, independent re-investigation, Experian solely relied on TD Bank's blanket and parroted assertions that the TD Bank Debt was confirmed as correct after Plaintiff paid $1,000.00 to TD Bank to settle the TD Bank Debt in full.

97.     Also, in response to Plaintiff's TD Bank Dispute, Experian falsely and inaccurately reported a balance due in the amount of $12,735 as of November 2020 in the Status associated with the TD Bank Debt.

98.     Experian, TransUnion, and Equifax did not request any supporting documents from TD Bank corroborating information furnished and verified by TD Bank regarding Plaintiff and the TD Bank Debt in response to Plaintiff's dispute.

99.   Experian's, TransUnion's, and Equifax's reinvestigations of the TD Bank Debt merely copied and relied upon the inaccurate information conveyed by TD Bank.

100.   As such, Experian's, Equifax's, and TransUnion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the disputed debt were inaccurate or incomplete, and Experian, Equifax, and TransUnion each failed to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

101.   Such reporting is false and evidences Experian's, Equifax's, and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's disputes.

102.   Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted reasonably.

103.   Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

104.   Experian's, Equifax's, and TransUnion's reinvestigation procedures are unreasonable.

105.   Experian's, Equifax's, and TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian, Equifax, and TransUnion.

106.   Experian's, Equifax's, and TransUnion's reinvestigations were per se deficient by reason of these failures in their respective reinvestigations of Plaintiff's disputes and the TD Bank Debt.

107.   As a result of Experian's, Equifax's, and TransUnion's false, inaccurate, and incomplete reporting, Plaintiff's USAA credit card account was closed.

108.   Also, as a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiff was deterred from applying for a mortgage loan as she believed she would not be able to obtain favorable credit terms as a result of the derogatory and erroneous reporting of the Debt and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that inaccurately reported the TD Bank Debt or that failed to show the TD Bank Debt as disputed by Plaintiff.

109.   Additionally, as a result of Experian's, Equifax's, and TransUnion's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite repeatedly advising Experian, Equifax, and TransUnion of their erroneous reporting of the two tradeline accounts, Plaintiff must simply endure Defendants' erroneous, inaccurate, and incomplete reporting of the TD Bank Debt.

110.    Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

111.    Experian's, Equifax's, and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(6)
**(Equifax and TransUnion Only)**

Plaintiff re-alleges paragraphs one (1) through fifty-three (53) as if fully restated herein and further states as follows:

112.    Equifax and TransUnion are subject to, and violated the provisions of, 15 Unites States Code, Section 1681i(a)(6)(A) by failing to provide written notice to Plaintiff with the results of Equifax's and TransUnion's reinvestigation in response to Plaintiff's TD Bank Dispute within five (5) days of the completion of such reinvestigation.

113.    Specifically, to the extent Equifax and TransUnion conducted a reinvestigation in response to Plaintiff's TD Bank Dispute, Equifax and

TransUnion has not provided Plaintiff any written notice of Equifax's and TransUnion's reinvestigation results regarding Plaintiff's TD Bank Dispute.

114.   As such, Equifax and TransUnion failed to provide written notice to Plaintiff with the results of Equifax's and TransUnion's reinvestigation in response to Plaintiff's TD Bank Dispute within five (5) days of the completion of such reinvestigation.

115.   Equifax's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully state herein.

116.   Equifax's and TransUnion's actions in violation of 15 United State Code, Section 1681i(a)(6), constitute negligent or willful noncompliance -or both- with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Section 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

WHEREFORE, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.   Judgment enjoining Defendants from engaging in further conduct in violation of the FCRA;

b.      Judgment against Defendants for maximum statutory damages for

violations of the FCRA;

c.      Actual damages in an amount to be determined at trial;

d.      Compensatory damages in an amount to be determined at trial;

e.      Punitive damages in an amount to be determined at trial;

f.      An award of attorney's fees and costs; and

g.      Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants
and their affiliates safeguard all relevant evidence—paper, electronic documents,
or data—pertaining to this litigation as required by law.

Respectfully submitted,

KOPP LAW, P.A.

/s/ Rebbecca A. Goodall
William J. Kopp, Esq.
Florida Bar No.: 83605
Kopplawpa@gmail.com
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
rgoodall.law@gmail.com
360 Central Avenue
Suite 1570
St. Petersburg, FL 33701
(813) 999-3355; (727) 999-2016 (fax)
Attorneys for Plaintiff,
David Bertoncini